Carla Calkins
PO Box 385
Diamond Springs, CA 95619
530-644-1587
530-409-7731
Plaintiff-in propria persona

**FILED**

NOV - 2 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

United States District Court

Eastern District of California

Sacramento Division

2 0 6 - CV - 2 4 3 5 DFL DAD PS

| | |
|---|---|
| Carla Calkins, an individual | ) Case No.: |
| Plaintiff, | ) **Complaint for:** <br> ) Copyright Infringement |
| v. | ) |
| Playboy Enterprises, Inc, a | ) |
| corporation doing business as Playboy | ) |
| Magazine; Colleen Shannon, an | ) |
| individual, residing in California. | ) |
| Defendants | |

1. **Jurisdiction.** This court has subject matter jurisdiction over this complaint because it arises under the Copyright law of the United States of America.

2. This court has personal jurisdiction over this complaint because the defendants conduct business in the State of California.

[Summary of pleading] - 1

3.   **Venue**. Venue is appropriate in this court because the initial act giving rise to this lawsuit occurred in this district.

4.   This venue is also appropriate because a substantial amount of records concerning this lawsuit are located in this district.

5.   **Intradistrict Assignment**. This lawsuit should be assigned to the Sacramento Division of this Court because a substantial part of the events which gave rise to this lawsuit occurred in this district and a substantial amount of records concerning this lawsuit are located in El Dorado County.

4.   Carla Calkins, the Plaintiff, and her husband Robert Calkins established a portrait photography business in Placerville, California in 1976 which has been known as Mother Lode Photography for 30 years. Mother Lode Photography is a small town photography studio specializing in individual portraits, family portraits, weddings and high school senior portraits.

5    In 1996 Robert Calkins, of Mother Lode Photography, photographed Colleen Shannon for her high school senior portraits.

6.   The portraits were created with the limited intent to be used as gifts for family and friends. The Colleen Shannon photograph was not created for publication in a yearbook or any other type of publication.

7.   In December of 2003 a reproduction of the Colleen Shannon high school portrait, taken by Robert Calkins, was printed in Playboy Magazine, on the bio-page of the centerfold.

8.   This reproduction was done without permission from the creator of the photograph.

[Summary of pleading] - 2

9.   The photograph was registered with the Copyright office on February 5, 2004.

10.  Robert Calkins transferred the copyright and all rights related to ownership of the copyright, past, present, and future, to his wife and plaintiff, Carla Calkins on July 20, 2005.

11.  In an attempt to settle this matter out of court the plaintiff obtained legal representation and 4 letters were sent to Playboy Enterprises (PEI) to no avail.

12.  One letter was sent to Colleen Shannon without success.

13..  Plaintiff alleges on information and belief that Playboy Enterprises (PEI) infringed the copyright owner's exclusive right to reproduce the high school senior portrait of Colleen Shannon by reproducing, distributing and displaying the photograph, in its entirety, in the December 2003 issue of Playboy Magazine.

14.  Plaintiff alleges on information and belief that PEI knew that the copyright on the photograph was owned by someone other than Colleen Shannon.

15.  Plaintiff alleges on information and belief that PEI used the photograph knowing that they did not have permission to use the photograph from the copyright owner. PEI was fully aware that this act violated the copyright of the creator of the photograph.

16.  Plaintiff alleges on information and belief that Colleen Shannon colluded with PEI to infringe the copyright of the above mentioned photograph by giving the photograph to Playboy Magazine for them to reproduce it in the December 2003 Edition of the magazine.

17. Because, in the absence of discovery, the Plaintiff does not presently know if the Colleen Shannon high school photograph was used by PEI in other forms such as web sites or other editions of Playboy Magazine, Plaintiff cannot identify all of the possible infringements that may have occurred. Upon obtaining that information, Plaintiff will request of this Court to amend this complaint to allege damages of any infringements discovered.

18. Plaintiff alleges on information and belief that Colleen Shannon had been instructed as to the rights of a copyright holder.

19. Plaintiff alleges on information and belief that Colleen Shannon knew that she did not own the copyright to the photograph and she did not have permission to reproduce the photograph.

20. PEI acknowledges the use of the photograph without the permission of the owner of the copyright. Even with this acknowledgement PEI refused to make a reasonable offer for settlement.

21. Plaintiff alleges on information and belief that this is not the first time Playboy Magazine has used a photograph of the monthly playmate for the bio-page without the creator's permission. The Plaintiff knows of at least one other instance where the defendant has infringed on a photographer's copyright in a similar manner.

22. Plaintiff alleges on information and belief that upon discovery a pattern of willful disregard for the copyrights of professional portrait photographers will emerge.

23. As a result of the Defendants' actions the Plaintiff lost the customary licensing fee to obtain permission to use a photograph in a

publication and the income from potential reorders. Wherefore, Plaintiff prays for relief against Defendants as follows:

1. That the Defendants be required to pay over to Plaintiff the actual damages for a onetime-use licensing fee for the publication of the Colleen Shannon high school photograph in the December 2003 edition of Playboy Magazine

2. That the Defendants be ordered to pay additional relief for each additional usage of the Colleen Shannon high school senior portrait that may be found during discovery to have occurred in separate editions, web pages, or any other forms.

3. That Defendants be disgorged of all profits attributed to the infringement, plus fees, cost of this suit, and interest. Plaintiff reserves the right to ask for statutory damages pursuant to 17 U.S.C. §504 (c)(1)(2).

4. Monetary relief alone is not sufficient to fully address the wrong that the Defendants' illegal actions have caused.  Plaintiff therefore prays for the additional remedy of seizure and destruction of all copies of the December 2003 Playboy magazine in the Defendants' possession, custody, or control.

5. That the Defendants be required to account for all gross profits derived from the infringement including but not limited to the distribution of the December 2003 Playboy 50th Anniversary Edition, both domestic and foreign circulation, both subscription and newsstand sales, advertising income, and any income from post release sales.

6. That Defendants discontinue the use of the Colleen Shannon photograph mentioned above.

7. PEI and Colleen Shannon have shown blatant disregard for the copyrights of the creator of the Colleen Shannon high school portrait The Plaintiff prays that because of the Defendants disregard for the copyrights of others and the ability of PEI to continue this practice in regard to future editions of Playboy Magazine it is prayed that the court order PEI to develop and implement a procedure to obtain permission from copyright holders, even if it is a relative of the playmate, or not use the photograph.

8. That the Plaintiff be awarded such other and further relief as the Court deems just and proper.

Dated: November 2, 2006

Dated this 2nd day of November 2006

Carla Calkins
PO box 385
Diamond Springs, CA 95619
530-644-1787
530-409-7731
Pro Se

[Summary of pleading] - 6

100

[Summary of pleading] - 7