COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
ANGELA L. DUNNING (212047)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:   (858) 550-6000
Facsimile:     (858) 550-6420

Attorneys for Defendant
PLAYBOY ENTERPRISES, INC.

LAW OFFICES OF RICHARD L. ANTOGNINI
RICHARD L. ANTOGNINI (SBN 075711)
2831 Southcreek Drive
Lincoln, CA  95648-8284
Telephone:   (916) 645-7278
Facsimile:     (916) 290-0539

Attorneys for Plaintiff
CARLA CALKINS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA CALKINS, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PLAYBOY ENTERPRISES, INC., a corporation doing business as Playboy Magazine; Colleen Shannon, an individual, residing in California,<br><br>　　　　　　Defendant. | Case No.  2:06-CV-2435 RRB (DAD)<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed:　November 2, 2006<br>Trial Date:　　　　June 23, 2008 |

　　　　**WHEREAS,** in the course of this litigation disclosure has been or may be sought of information which a party regards as being of a confidential, trade secret, proprietary, technical, commercial, or financial nature (hereinafter, "Confidential Information"); and

　　　　**WHEREAS,** plaintiff Carla Calkins ("Calkins") and defendant Playboy Enterprises, Inc. ("PEI") acknowledge that the disclosure of Confidential Information would harm the competitive position of the disclosing party; and

　　　　**WHEREAS,** Calkins and PEI desire to protect the disclosure of Confidential Information;

PDF created with pdfFactory trial version www.pdffactory.com

**NO THEREFORE, IT IS HEREBY STIPULATED** by and between the parties hereto, through their respective counsel, that the following Order shall govern the disclosure of Confidential Information in this action:

1. **Information Subject to Designation.** All originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, and all documents,[1] materials, tangible things and information obtained by inspection of files or facilities or by production of documents (collectively, "Information") which set forth, refer to, or contain any Confidential Information, may be designated by the party producing the Information either as "CONFIDENTIAL."

2. **Method of Designation.** Information shall be designated "CONFIDENTIAL" by the placement in plain view of a stamp or marking in those words on each page of the document containing the Information being so designated.

3. **Limits on Use of Confidential Information.** Any Information designated as CONFIDENTIAL and all Information derived therefrom (excluding such Information as is derived lawfully from an independent source) shall not be disclosed to any person[2] except as provided in this Order, shall be used only for the purposes of this litigation, including its settlement, and shall not be used for any business, financial or other purposes whatsoever.

4. **Information Designated CONFIDENTIAL.** Except as provided below, Information designated CONFIDENTIAL shall not be given, shown, made available or communicated in any way to any person other than the following:

   **(a)** Counsel to Calkins, Law Offices of Richard L. Antognini;

   **(b)** Counsel to PEI, Cooley Godward Kronish LLP;

---

[1] The term "document" as used herein shall include writings, drawings, and photographs as those words are defined in Federal Rule of Evidence 1001.

[2] The term "person" as used herein includes natural persons, corporations, partnerships, limited liability companies, proprietorships, joint ventures, agencies, commissions, and any other legal or business organizations or governmental or quasi-governmental organizations, as well as all divisions, departments or other units or sub-units thereof.

PDF created with pdfFactory trial version www.pdffactory.com

      **(c)** Members, partners and the employed associates, paralegals, clerks and secretaries of the foregoing law firms assisting in this action, as well as any independent contractors retained by such firms to assist in this action (*e.g.*, paralegals or clerical aides);

      **(d)** The Court, court personnel, and stenographic reporters and videographers at depositions taken in this action;

      **(e)** Calkins;

      **(f)** PEI;

      **(g)** Experts and/or consultants who are not regularly employed by or associated with a party hereto, and whose advice is or will be used by a party in connection with preparation for trial or trial of this action, as well as any employees, associates or independent contractors retained by those experts to assist in their work on this matter. Counsel desiring to disclose Information designated CONFIDENTIAL to any such experts or consultants under this subsection must first obtain a signed Certification, in the form attached hereto as Exhibit A, from each such expert or consultant.

      **(h)** Witnesses who have previously drafted, received or reviewed the Information; and

      **(i)** Such other persons as to whom both parties may agree. Counsel desiring to disclose Information designated CONFIDENTIAL to any such persons under this subsection must first obtain a signed Certification, in the form attached hereto as Exhibit A, from each such person.

    **5.** **Retention of Certifications.** The attorneys of record shall maintain a file of all Certifications signed by persons to whom Information designated CONFIDENTIAL has been given. Said files shall be retained for at least two years following the disposition of this action, and during that time period, shall be made available upon request for inspection and copying by any attorney of record.

    **6.** **Depositions.** Counsel will not disclose Information designated as CONFIDENTIAL to a witness testifying at a deposition except in strict conformity with the provisions of this Order. If, during the course of any deposition, (a) an attorney of record for a party desires to make

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

766654 v1/PA        3.        **STIPULATED PROTECTIVE ORDER**
Case No. 2:06-CV-2435 RRB (DAD)

PDF created with pdfFactory trial version www.pdffactory.com

inquiry into Information subject to the designation CONFIDENTIAL, or (b) an attorney of record for a party asserts that an answer to a specific inquiry is subject to such designation, the attorney may make such inquiry only in the presence of those persons authorized to have access to such Information. Further, the attorney may direct that the question and answer be transcribed separately from the remainder of the deposition and designate the separately transcribed transcript CONFIDENTIAL. When counsel gives such an order, the designated testimony shall be sealed, and the parties hereto will treat it subject to the provisions for disclosure set forth herein.

**7. Transcripts.** At either party's request, all testimony elicited during depositions, hearings, and other proceedings will be deemed CONFIDENTIAL for a period of ten (10) days following receipt of the transcript by all counsel who requested a copy thereof. Within the ten-day waiting period, any party may, by written notice served on all parties, designate all or any portion of the testimony as CONFIDENTIAL. At the end of the ten-day waiting period, only those portions of the transcript that are designated as CONFIDENTIAL shall be treated as such. Upon being informed that certain portions of a transcript are designated as CONFIDENTIAL, each party must cause each copy in their custody, possession or control to be so marked in accordance with Paragraph 2 of this Order. This paragraph will not otherwise affect the deposition, hearing or other proceeding that is being recorded while it is in session. Likewise, this paragraph will not affect the right of opposing parties to be present during those portions of any deposition, hearing or other proceeding that do not involve the disclosure of Information designated as CONFIDENTIAL.

**8. Filing Procedure.** No Information which is designated as CONFIDENTIAL, including any pleading or memorandum purporting to reproduce or paraphrase such Information, will be filed with the Court unless it is filed under seal in accordance with the Civil Local Rules for the Eastern District of California, including Rules 39-140 and 39-141. To comply with this requirement, CONFIDENTIAL Information must be filed in sealed containers labeled with (a) the title of this action, (b) the general nature of the contents; (c) the word CONFIDENTIAL; and (d) a statement substantially in the following form:

PDF created with pdfFactory trial version www.pdffactory.com

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**. This sealed container filed in this case, *Calkins v. Playboy Enterprises, Inc.*, Case No. 2:06-CV-2435 RRB (DAD), contains confidential materials generally identified as _____. Pursuant to the parties' stipulated Protective Order, the container shall not be opened nor the contents thereof revealed except to the Court. After any such opening or revelation, the container shall be resealed with the contents inside. This restriction is subject to an order of the Court.

**9. Trial Procedure.** Should an attorney of record for any party desire to use Information designated as CONFIDENTIAL, or any summary thereof or excerpt therefrom, during the trial of or at any hearing in this action, counsel must, prior to such use, bring the confidentiality thereof to the attention of the Court and the party which designated the Information. Counsel for the producing party may request that any portion of the transcript or exhibit containing such Information be filed under seal with the Court in accordance with Civil Local Rules 39-140 and 39-141, and be accorded protection as provided by the terms of this Order. All persons present at the time of such use must be directed to treat such Information as Confidential Information, and counsel for the parties will exercise all reasonable care not to disclose such materials needlessly in the public record of this proceeding nor to persons not entitled under this Order to receive such Information.

**10. Disputes About Designations.** If, subsequent to a party's acceptance of Information designated as CONFIDENTIAL, it appears to such accepting party that any Information so designated is not of a nature warranting the protection afforded hereunder, such accepting party may bring a noticed motion to be relieved entirely or in part from the provisions of this Order. Until a determination by the Court as to the propriety of the designation, the Information shall be treated in accordance with its designation.

**11. Scope of Order.** The designation by counsel for the disclosing party of any Information as constituting or containing Confidential Information is intended solely to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by any party that the designated Information is admissible in evidence. Furthermore, the existence of this Order shall not be used to require any party to produce any Information. Any party seeking disclosure of any Information shall retain whatever burden it has under the Federal Rules of Civil Procedure for production or disclosure.

PDF created with pdfFactory trial version www.pdffactory.com

**12. Subpoena of Confidential Information.** Whenever a party to this action, or any signatory to the attached Certification, is requested by one not already subject to this Order, pursuant to subpoena, request for production of documents, or other lawful process or request ("request"), to produce or disclose any Information designated under this Order as CONFIDENTIAL, that party or signatory shall, as soon as is reasonably practicable, but no later than five (5) days after service of that request, notify the designating party's attorney of record and provide such attorney with a copy of the request.  If the designating party objects to the production, the Information shall not be produced except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the request.

**13. Disposal of Confidential Information.** Within sixty (60) days of the final disposition of this action, whether by judgment (including exhaustion of all appeals), settlement or otherwise, each attorney of record will either (a) promptly return to the party or witness from whom obtained, all Information which has been marked CONFIDENTIAL and all copies made thereof, or (b) destroy all such Information, as counsel for the disclosing party directs.  However, each attorney of record may retain any work product containing Confidential Information and one record copy of any items filed with the Court upon notice to the other attorneys of record of such retention and subject to the terms of this Order.

**14. Amendment.** This Order may be amended by written stipulation of the parties filed with and approved by the Court.

**15. Termination.** The provisions of this Order will continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to all parties.  The final determination or settlement of this action does not relieve any person who has received Information designated as CONFIDENTIAL or agreed to be bound by the terms of this Protective Order of their obligations hereunder.  This Court will retain jurisdiction after such final determination or settlement to enforce the provisions of this Order and to make such modifications, and additions to this Order as the Court deems appropriate.

PDF created with pdfFactory trial version www.pdffactory.com

**16. Stipulation.** The parties to this litigation, by and through their respective attorneys of record, hereby agree and stipulate to be bound by the terms of this Order.

Dated: _____  LAW OFFICES OF RICHARD L. ANTOGNINI

By: _____
       Richard L. Antognini

Attorneys for Plaintiff
CARLA CALKINS

Dated: _____  COOLEY GODWARD LLP

By: _____
       Angela L. Dunning

Attorneys for Defendant
PLAYBOY ENTERPRISES, INC.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: January 30, 2008

/S/ RALPH R. BEISTLINE
The Honorable Ralph R. Beistline
United States District Judge

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT A**

| | |
|---|---|
| CARLA CALKINS, an individual,<br><br>                Plaintiff,<br><br>     v.<br><br>PLAYBOY ENTERPRISES, INC., a Delaware corporation,<br><br>                Defendant. | Case No.  2:06-CV-2435 RRB (DAD)<br><br>**CERTIFICATION** |

I, _____, declare as follows:

**1.**     I live at _____. I am employed as _____ by _____.

**2.**     I have read the Stipulated Protective Order entered in *Calkins v. Playboy Enterprises, Inc.*, Case No. 2:06-CV-2435 RRB (DAD), and a copy of the Stipulated Protective Order has been given to me.

**3.**     I agree to be bound by the terms of the Stipulated Protective Order, and agree that any information designated as "CONFIDENTIAL" within the meaning of the Stipulated Protective Order will be used by me only to assist counsel in connection with the above-referenced litigation.

**4.**     I agree that I will not disclose or discuss information designated as CONFIDENTIAL with anyone other than the persons described in Paragraph 4 of the Stipulated Protective Order.

**5.**     I understand that any disclosure or use of information designated as CONFIDENTIAL in any manner contrary to the provisions of the Stipulated Protective Order will subject me to sanctions for contempt of the Court's Order.

///

///

///

PDF created with pdfFactory trial version www.pdffactory.com

**6.**     I agree to be subject *in personam* to the jurisdiction of the United States District Court for the Eastern District of California in connection with any proceeding relating to the enforcement of the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this ___ day of _____, 2008 at _____.

_____
(Name)

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

766654 v1/PA

9.

STIPULATED PROTECTIVE ORDER
Case No. 2:06-CV-2435 RRB (DAD)

PDF created with pdfFactory trial version www.pdffactory.com